# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Benjamin M. Auslander

### DEFENDANTS
Tredyffrin/Easttown School District and Arthour J. McDonnell

**(b)** County of Residence of First Listed Plaintiff: **Chester**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Chester**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Walter S. Zimolong III, Esq., Zimolong, LLC, 353 West Lancaster Avenue, Suite 300, Wayne, PA (215) 665-0842

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [x] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
United States Constitution, Art. I

Brief description of cause:
This is a first amendment retaliation case where the school district threatened plaintiff with criminal and civil liability for speaking about curriculum.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER: 

DATE: Apr 12, 2022
SIGNATURE OF ATTORNEY OF RECORD: *Walter Zimolong*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.**  Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case  ☐ is / ☐ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____  *Walter Zimolong*  _____
                                *Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  *Walter Zimolong*  _____
                                *Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN M. AUSLANDER | : | No. |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| TREDYFFRIN/EASTTOWN SCHOOL DISTRICT, ARTHUR J. MCDONNELL, in his individual and official capacities. | : | |
| Defendants | : | |

# COMPLAINT

This is a first amendment retaliation case. The First Amendment protects individuals from reprisal by government officials in exercising their First Amendment rights. *Hartman v. Moore*, 547 U.S. 250, 256 (2006) ("Official reprisal for protected speech offends the Constitution [because] it threatens to inhibit exercise of the protected right and the law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out.") (citations and quotations omitted). The First Amendment also protects "the public's right of access to information about their officials' public activities." *Fields v. City of Philadelphia*, 862 F.3d 353, 359 (3d Cir. 2017). Access to information leading to "discourse on public issues" is accorded "the highest rung of hierarchy of First Amendment values and is entitled to special protection." *Id*. (citations omitted). The First Amendment's protection to individuals to access important information includes the right to record (by video or

1

audio) government conduct. *Id.* (The First Amendment protects an individual's right to "record what there is the right for the eye to see or the ear to hear.")

The teaching of critical race theory ("CRT") in the nation's public schools has engendered a robust discourse and debate. Joshua Jamerson, "Critical Race Theory: What It Means for America and Why It Has Sparked Debate," Wall Street Journal (July 17, 2021).[1] Defendant Tredyffrin/Easttown School District openly maintains a CRT curriculum and indoctrination program for teachers, staff, and students. https://www.tesd.net/Page/16577 (last visited March 22, 2022). Plaintiff, Mr. Auslander, is a parent of a student in the school district and a taxpayer who made a Right to Know Request to access the school district's CRT program materials. He has requested all records, lessons, and materials prepared by Pacific Educational Group ("PEG"), the school district's CRT consultant. The school district denied his request to provide the records, lessons, and materials, but granted an *in-camera* review of the material created by PEG.

During that *in-camera* review, Mr. Auslander chose to make a voice recording of what he was observing from the materials produced. Defendants threatened him with civil and criminal liability if he continued to make a verbal record of what he was reading. When Mr. Auslander continued to make audio recordings of his inspection, Defendants ended the inspection and forced plaintiff to leave the premises.

---

[1] https://www.wsj.com/articles/critical-race-theory-what-it-means-for-america-and-why-it-has-sparked-debate-11623956268 (last accessed March 22, 2022).

Plaintiff seeks a preliminary injunction against Defendants prohibiting them from interfering with his constitutional right to speak and record his voice while conducting a public records inspection. He also seeks nominal damages.

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Benjamin M. Auslander, is a resident of Chester County Pennsylvania and a taxpayer in the Tredyffrin /Easttown School District.

2. Defendant Tredyffrin/Easttown School District ("School District") is a political body organized under the law of the Commonwealth of Pennsylvania.

3. Defendant Arthur J. McDonnell is the business manager and secretary of the Tredyffrin/Easttown Board of Education. At all relevant times Mr. McDonnell was acting as an agent, servant, or employee of the Tredyffrin/Easttown School District and acting within the scope of his employment. Mr. McDonnell has final decision-making authority for the School District and is responsible for implementing the policies, practices, customs, and procedures for the School District. Mr. McDonnell is sued in his official and individual capacity.

4. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1983.

5. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## STATEMENT OF FACTS

6. Defendant Tredyffrin/Easttown School District openly maintains a CRT curriculum and indoctrination program for teachers, staff, and students. https://www.tesd.net/Page/16577 (last visited March 22, 2022).

7. The curriculum and program are produced by a third-party vendor, Pacific Educational Group. *Id.*

8. The School District pays for the PEG CRT curriculum and program using taxpayer funds.

9. Mr. Auslander is a parent of a student in the school district and a taxpayer in the school district.

10. Mr. Auslander made a Right to Know Request on January 19, 2022 for all records, lesson plans, and materials prepared by PEG, the school district's CRT consultant.

11. On January 26, 2022, Defendants denied Plaintiff's request for copies of the PEG training materials asserting the materials were protected by copyright.

12. On January 26, 2022, Defendants agreed to allow Plaintiff to conduct an *in-camera* review of the PEG CRT training materials. However, Mr. Auslander was notified he could not copy or photograph the records because the documents were protected by copyright.

13. On February 7, 2022, Mr. Auslander went to the Tredyffrin/Easttown School Board Administrative Offices located at 940 West Valley Road, Suite 1700,

4

Wayne, PA 19087, to inspect the records. Defendant, Mr. McDonnell was present at the inspection.

14. During Mr. Auslander's review of the records he made verbal recordings on his smart phone of what his eyes were seeing.

15. Defendant, Mr. McDonnell, threatened Mr. Auslander with criminal and civil liability if he continued to record the sound of his own voice describing what his eyes were seeing. Defendant, Mr. McDonnell threatened to hold plaintiff liable under the Wiretapping and Electronic Surveillance Control Act for recording his own voice. He also threatened to hold plaintiff liable under "copyright laws."

16. Defendant, Mr. McDonnell also called the school district's attorney and threatened to call PEG's attorney.

17. After Mr. Auslander refused to stop recording his voice, Defendant Mr. McDonnell terminated the meeting and ordered plaintiff to vacate the premises.

18. Defendant, Mr. McDonnell made these threats after consulting with counsel.

19. At all times, Defendant Mr. McDonnell was acting as an actual or apparent agent or official representative of Defendant Tredyffrin/Easttown School District.

20. Defendant, Mr. McDonnell, was or should have been aware that by threatening, coercing, and ending Mr. Auslander's inspection of public documents because Mr. Auslander was exercising his first amendment right to speak, Defendant, Mr. McDonnell was violating Mr. Auslander's clearly established rights.

21. Defendants knowingly violated Mr. Auslander's clearly established Constitutional rights.

## CAUSES OF ACTION

### Claim 1: Restriction on First Amendment Rights
### 42 U.S.C. § 1983

22. It is the official custom, practice, and policy of the school district to prohibit individuals from video or voice recording documents related to the school district's CRT program or documents produced by PEG for the school district.

23. The official custom, practice, and policy is not narrowly tailored to achieve a compelling government interest.

24. Defendants violated plaintiff's First Amendment rights when they used the official custom, practice, and policy to prohibit plaintiff from making video or voice recordings of what he observed from the materials the school district produced in response to Mr. Auslander's Right to Know Request.

### Claim 2: First Amendment Retaliation
### 42 U.S.C. § 1983

25. Mr. Auslander engaged in constitutionally protected conduct when he created a voice recording on what he was observing during his inspection of the documents the school district produced in response to his Right to Know Request.

26. Defendants engaged in retaliatory conduct through threats of civil and criminal penalties, and ultimately removing Mr. Auslander from the premises.

27. Defendants' conduct was sufficient to deter a person of ordinary firmness from exercising his constitutionally protected right.

28. There is a casual link between the constitutionally protected conduct and the retaliatory action.

29. Defendants' threats were contemporaneous with Mr. Auslander's protected speech.

30. Defendant School District is liable because Defendant Mr. McDonnell has final decision-making authority. He is an actual or apparent agent of the School District.

31. Defendant School District is liable because it is the official custom and policy of the School District to prohibit audio or video recording of the PEG training materials which are public records.

32. Mr. Auslander had a right to inspect these public records.

### DEMAND FOR RELIEF

33. Plaintiff respectfully requests that the court:

    a. enter a preliminary and permanent injunction that prevents defendants from interfering with Plaintiff, Mr. Auslander's constitutionally protected First Amendment rights;

    b. enter a preliminary and permanent injunction prohibiting Defendants from interfering with Plaintiff, Mr. Auslander's constitutionally protected First Amendment right to video and audio record or copy or photocopy all records Defendants produced in response to plaintiff's right to know request;

c. enter a preliminary and permanent injunction prohibiting Defendants from preventing Plaintiff, Mr. Auslander, from making video or voice recording or copies or photocopies of any material prepared by Pacific Educational Group;

d. awarding plaintiff nominal damages;

e. award costs and attorneys' fees under 42 U.S.C. § 1988; and

f. award all other relief that the Court deems just, proper, or equitable.

Respectfully submitted,

Dated: April 12, 2022

*/s/ Walter S. Zimolong*
WALTER S. ZIMOLONG III, ESQUIRE
Zimolong, LLC
Attorney I.D. 89151
wally@zimolonglaw.com
PO Box 552
Villanova, PA 19085-0552
Tele: 215-665-0842

*/s/ Nicholas R. Barry*
(*pro hac vice* pending)
America First Legal Foundation
Tennessee Bar No. 031963
nicholas.barry@aflegal.org
611 Pennsylvania Ave SE #231
Washington, DC 20003