IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENJAMIN M. AUSLANDER,** : | |
| : | **Civil Docket No. 2:22-cv-01425-HB** |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | |
| **TREDYFFRIN/EASTTOWN** : | |
| **SCHOOL DISTRICT** and : | |
| **ARTHUR J. MCDONNELL,** : | |
| : | |
| **Defendants.** : | |

### CONFIDENTIALITY STIPULATION AND ORDER

The parties hereby make made joint application to the Court for an Order pertaining to the confidentiality of the Pacific Education Group ("PEG") materials requested by Plaintiff in this case, and any other information or documents that the parties agree are confidential, which may be disclosed during the course of this litigation. Good cause exists for the entry of an Order embodying the terms of the parties' agreement regarding the confidentiality of those documents.

**It is hereby stipulated by the parties and ordered by the Court as follows:**

A.	The following definitions apply to this Order:

1.	"Party" or "parties" shall mean and refer to any of the following parties: Plaintiff Benjamin M. Auslander, Defendant the Tredyffrin/Easttown School District, and Defendant Arthur J. McDonell, only.

2.	"Qualified Persons" only include:

(a)	Plaintiff's Counsel of Record Walter S. Zimolong III, Esq., and Nicholas R. Barry, and only those members of their [non-attorney] staff reasonably necessary for Mr. Zimolong and Mr. Barry to represent Plaintiff in this case;

        (b)    The Court and Court personnel under such safeguards as the Court may direct so as to preserve the confidentiality of information designated by any party and to prevent harm to any party.

    3.    "Qualified Persons" **do not** include:

        (a)    Plaintiff Benjamin M. Auslander;

    4.    "PEG Confidential Materials" means the 166 pages of material the District made available to Plaintiff on February 7, 2022 for an in-person review and inspection.

    5.    "Documents Produced During Litigation" shall mean any information or documents exchanged during the course of this litigation, including but not limited to Exhibits attached to Stipulated Facts filed by the parties.

B.    The following restrictions shall apply to the PEG Confidential Materials

    1.    <u>Use of PEG Confidential Materials by Qualified Persons</u>

        (a)    The PEG Confidential Materials shall be used only by Qualified Persons for the trial scheduled in this matter, subject to this Stipulation and Order.

        (b)    The PEG Confidential Materials shall only be disclosed to Qualified Persons.

    2.    <u>Production of PEG Confidential Materials</u>

        (a)    Counsel for Defendants shall, prior to production, include the following marks or stamps on the PEG Confidential Materials

            a.    "FOR ATTORNEY EYES ONLY".

            b.    "Do Not Copy"

            c.    the caption for this case— "Auslander v. TESD – EDPA No. 22-1425-HB"

      (b)      Counsel for Defendants shall overnight mail one paper copy of the Confidential Materials to Mr. Zimolong and one paper copy to Mr. Barry.

      3.      <u>Maintenance of PEG Confidential Materials</u>

      (a)      Only Qualified persons are permitted to view the PEG Confidential Materials and only to prepare for trial of this matter.

      (b)      Qualified Persons may not make copies of the PEG Confidential Materials.

      (c)      Qualified Persons may not scan, photograph or otherwise copy the PEG Confidential Materials into an electronic device.

      (d)      The PEG Confidential Materials shall not be published in any manner.

      (e)      Unless otherwise ordered by the Court, within 10 days following the conclusion of the trial, all PEG Confidential Materials must be returned to Counsel for Defendants by having the PEG Confidential Materials delivered to Counsel for Defendants and any copies, electronic or otherwise, created for use at trial shall be deleted or destroyed.

C. **The following restrictions shall apply to the Documents Produced During Litigation**

1. PEG Confidential Materials, and the information contained therein, shall be used only for the purposes of pre-trial procedures (including, but not limited to, motions and briefing), preparation for trial and at trial, subject to this Stipulation and Order, and may not be used for other purposes.

2. No party shall publish the PEG Confidential Materials.

3. The PEG Confidential Materials may not be filed with the Court (or any court or tribunal) unless specifically permitted to do so by the Court.

D. **Additional Terms**

1. This Order does not impact Defendants' ability, or their counsel's ability, from using or disclosing the PEG Confidential Materials and/or the Documents Produced During Litigation in accordance with its own practices, policies, and agreements with PEG.

2. The terms of this Order do not constitute an admission or agreement that any document or information is admissible as evidence in this case.

3. The terms of this Order do not constitute an admission or agreement that any document or information, including the PEG Confidential Materials, are indeed confidential documents or subject to the Copyright Act.

4. In the event that the disclosures of PEG Confidential Materials and/or Documents Produced During Litigation (collectively "confidential information or documents"), inadvertently or otherwise in violation of this Order, or a party violates this Order, counsel for the Plaintiff shall immediately confer with counsel for the Defendants identify the unqualified individual who received the confidential information or documents, make every effort to retrieve the disclosed

confidential information or documents, and to the extent necessary request intervention of the Court.

5. In the event that Plaintiff or Counsel for Plaintiff breaches this agreement, this Court has the discretion to impose sanctions on the breaching party.

We hereby stipulate and agree to the form and entry of the aforesaid Confidentiality Order.

Respectfully submitted,

| | |
|---|---|
| */s/ Walter S. Zimolong* <br> WALTER S. ZIMOLONG III, ESQUIRE <br> Zimolong, LLC <br> Attorney I.D. 89151 <br> wally@zimolonglaw.com <br> PO Box 552 <br> Villanova, PA 19085-0552 <br> Tele: 215-665-0842 <br><br> *Counsel for Plaintiff* <br><br> */s/ Nicholas R. Barry* <br> America First Legal Foundation <br> Tennessee Bar No. 031963 <br> nicholas.barry@aflegal.org <br> 611 Pennsylvania Ave SE #231 <br> Washington, DC 20003 <br> (admitted *pro hac vice*) <br><br> *Counsel for Plaintiff* | */s/ Brian R. Elias.* <br> Brian R. Elias, Esq. <br> Attorney ID No. 82938 <br> Christina R. Gallagher, Esq. <br> Attorney ID No. 324579 <br> WISLER PEARLSTINE, LLP <br> belias@wispearl.com <br> Blue Bell Executive Campus <br> 460 Norristown Road, Suite 110 <br> Blue Bell, Pennsylvania 19422 <br> Attorney ID: 82938 <br> Phone: (610) 825-8400 <br><br> *Counsel for Defendants* |

BY THE COURT:

_____
Harvey Bartle III, S.J.