IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN M. AUSLANDER | : | CIVIL ACTION |
| v. | : | |
| | : | |
| TREDYFFRIN/EASTTOWN SCHOOL | : | |
| DISTRICT, et al. | : | NO. 22-1425 |

MEMORANDUM

Bartle, J.                                              December 5, 2022

Plaintiff, Benjamin M. Auslander, has sued the defendants Tredyffrin/Eastown School District in Chester County ("School District") and Arthur J. McDonnell, its Business Manager and Secretary of the School Board, under 42 U.S.C. § 1983. Plaintiff, a parent of a student in the School District and a taxpayer, asserts that defendants denied him his right under the First Amendment[1] to copy certain materials prepared by Pacific Educational Group ("PEG") and used by the School District to teach what plaintiff characterizes as critical race theory.  By court order, plaintiff joined PEG as a defendant as it held a copyright in the materials.

Plaintiff in his amended complaint sought injunctive and declaratory relief as well as nominal damages.[2]  In June

---

1.   The First Amendment reads in relevant part:  "Congress shall make no law . . . abridging the freedom on speech . . . ." The Amendment now applies to the states and its subdivisions as a result of the Fourteenth Amendment.  See Gitlow v. People of State of New York, 268 U.S. 652, 666 (1925).

2.   The amended complaint also had a claim under 42 U.S.C. § 1985(3).  This claim has been withdrawn.

2022, after PEG was joined as a defendant, it agreed to allow plaintiff to copy the materials in question.  PEG was then dismissed from the action in August 2022.  Thus, plaintiff's requests for injunctive and declaratory relief are now moot.  Plaintiff's claim for nominal damages for violation of the First Amendment, however, remains alive.  See Allah v. Al-Hafeez, 226 F.3d 247, 251 (3d Cir. 2000).  Pending before the court are the cross-motions for summary judgment of plaintiff and of defendants School District and McDonnell under Rule 56 of the Federal Rules of Civil Procedure.

I

Rule 56 provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  There is no genuine dispute of any material fact.  The parties simply disagree as to the applicable law.

II

The materials which are the subject of this lawsuit were the copyrighted work of PEG.  The School District contracted with PEG to use the materials for teaching and as part of its curriculum.  The materials, which consisted of 166 pages, contained the following notice:

> © 2020 Pacific Education Group, Inc.  This
> document contains proprietary content.  No
> part of this document may be reproduced in

> any form or by any means, electronic or mechanical, including photographing, recording, or by any information storage and retrieval system, without the express written consent of the Pacific Educational Group, Inc.

The contract between the School District and PEG also contained provisions which stated that PEG retained a copyright in the materials.  The School District was contractually obligated to take all reasonable steps to ensure that its employees, agents, contractors and clients were aware of and complied with the obligations of the School District.  The contract also contained broad language requiring indemnification of PEG by the School District for any copyright violation.

Plaintiff was an opponent of teaching critical race theory and continually voiced his opposition at School Board meetings.  On January 19, 2022, after several earlier attempts, he requested the School District to provide him with copies of the materials in question under the Pennsylvania Right-to-Know law, 65 Pa. Stat. Ann. § 67.101 et seq.  McDonnell discussed the request with the School Board at the direction of the School Superintendent.  McDonnell, on behalf of the School District, then responded to plaintiff on January 26:

> The request for copies of the records is denied because they are protected by copyright:  however, you may contact my office to schedule a time to inspect the responsive records.  Please note that due to

>      copyright protections, you will not be
>      permitted to copy or photograph the records.

Plaintiff went to the School District's business office on February 7, 2022 at 1:30 p.m. to review the 166 pages of PEG materials.  Present in addition to plaintiff was McDonell and another school district employee.  Plaintiff began to make verbatim voice recordings of the materials on his smartphone. McDonnell reiterated what he had said in his January 26 response to plaintiff.  He advised plaintiff that he could inspect the materials and take notes but that he was not permitted to record or copy the documents.  When plaintiff persisted in making the recordings, McDonnell called the School District's attorney who told McDonnell to instruct plaintiff to cease doing so. Plaintiff refused and continued recording.  This precipitated a second call to the defendant's attorney.  At this point, the attorney advised McDonnell to remove the materials and end the meeting.  Plaintiff departed with his smartphone, and the meeting concluded at about 2:00 p.m.

                              III

The question before the court is whether the School District and its business manager violated the First Amendment right of a school parent and taxpayer when they allowed him to inspect materials but denied him the right to copy those materials when the materials were protected by a copyright owned

by a third party and the School District and its employees had a contractual duty to protect the copyright of that third party.

The plaintiff cites a number of Supreme Court decisions and other federal cases construing the First Amendment to allow the inspection and copying of public records as well as the recording and filming of official proceedings and public events under certain circumstances.  E.g., Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty., 457 U.S. 596 (1982); Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980); Nixon v. Warner Commc'ns, Inc., 435 U.S. 589 (1978); Fields v. City of Philadelphia, 862 F.3d 353 (3d Cir. 2017); United States v. Criden, 648 F.2d 814 (3d Cir. 1981); Philadelphia Bail Fund v. Arraignment Ct Magistrate Judges, 440 F.Supp. 3d 415 (E.D. Pa. 2020).  It is not necessary to review these cases in detail here because they are all plainly inapposite.  None of them involved copyrighted documents or discussed the interplay of the Copyright Clause of the Constitution, the Copyright Act, and the First Amendment.

In Eldred v. Ashcroft, 537 U.S. 186 (2003), the Supreme Court had occasion to explain in detail how these constitutional and statutory provisions interact.  The Copyright Clause provides that "Congress shall have Power . . . [t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors . . . the exclusive Right to their

. . . Writings . . . ." U.S. Const. art. I, § 8, cl. 8. The Copyright Clause is both "a grant of power and a limitation." Elred at 212 (quoting Graham v. John Deere Co. of Kansas City, 383 U.S. 1, 5 (1966)). The Copyright Act, enacted pursuant to the Copyright Clause, protects original works of authorship. 17 U.S.C.A. § 102(a). It protects the author's expressions, but the protection does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery" contained in the author's writing. 17 U.S.C.A. § 102(b); Elred at 219. Nor may facts be copyrighted. Harper & Row Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 566 (1985). The author receives an exclusive right to a fair return for the author's "creative labor" for a limited time in return for dedicating the work to the public thereafter. Elred at 212 n.18; Twentieth Century Music Corp. v. Aiken, 422 U.S. 151, 156 (1975). Unlike a patent, a copyright does not extend to a monopoly on knowledge. Eldred at 217.

The Supreme Court in Eldred explained that the Copyright Clause and the First Amendment were "adopted close in time" and "in the Framers' view, copyright's limited monopolies are compatible with free speech principles." Id. at 219. As the Supreme Court observed in Harper & Row Publishers, Inc., 471 U.S. at 558:

> The Framers intended copyright itself to be
> the engine of free expression.  By
> establishing a marketable right to the use
> of one's expression, copyright supplies the
> economic incentive to create and disseminate
> ideas.

The defendants here allowed the plaintiff to inspect the materials in issue and to glean all the ideas, concepts, and principles about critical race theory the materials may have contained.  The defendants simply prevented plaintiff from copying or recording PEG's specific expression of those ideas, concepts, and principles.  They acted as they did because of the School District's contractual obligation to protect PEG's copyright.  Under § 106 of the Copyright Act, the author has the exclusive right to reproduce the copyrighted work in copies or phonorecords.  Had the defendants not acted to prevent the recordings, they opened themselves up to being sued by PEG for breach of contract and violations of the Copyright Act.  Complying with the Copyright Act under the circumstances presented here does not infringe upon the First Amendment.  The First Amendment simply cannot be read to nullify the Copyright Clause and the Copyright Act.

Plaintiff further argues that defendants violated his First Amendment right because they prevented plaintiff from benefiting from the fair use doctrine which is incorporated into § 107 of the Copyright Act.  Section 107 authorizes limited use

by others of copyrighted writings under certain circumstances. There is no bright line rule as to when fair use ends and infringement begins. As the Supreme Court noted in Harper & Row Publishers, Inc., "Section 107 requires a case-by-case determination whether a particular use is fair." Id. at 549. It further observed, "fair use analysis must always be tailored to the individual case." Id. at 552.

Significantly, it is not the defendants who are relying on the fair use of PEG's work in order to avoid liability. Defendants had a contractual right to use the materials in full. Rather, it is plaintiff who is invoking fair use as a sword against defendants to justify making his recordings and to impose liability on them for interfering with those recordings. The problem for plaintiff, however, is that the defendants would have no way of knowing whether plaintiff's recordings of the PEG materials and later use of what was recorded would constitute fair use. Defendants cannot be faulted for refusing to breach their contractual obligations to PEG and for not speculating to their peril that any recordings made by plaintiff would conform with the fair use doctrine. Plaintiff's fair use argument is without merit.

The conduct of defendants in protecting PEG's copyright does not constitute a violation of plaintiff's First Amendment rights. Accordingly, the motion of defendants

Tredyffrin/Easttown School District and Author J. McDonnell for summary judgment will be granted, and the motion of plaintiff Benjamin M. Auslander for summary judgment will be denied.