```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BENJAMIN M. AUSLANDER              :        CIVIL ACTION
            v.                     :
                                   :
TREDYFFRIN/EASTTOWN SCHOOL         :
DISTRICT, et al.                   :        NO. 22-1425
```

MEMORANDUM

Bartle, J.                                                June 22, 2023

The plaintiff, Benjamin M. Auslander, has moved to vacate the Clerk of Court's taxation of costs in favor of the defendants the Tredyffrin/Easttown School District and its Business Manager Arthur J. McDonnell pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. Plaintiff maintains that these defendants are not the prevailing parties in this lawsuit.

Rule 54(d)(1) provides in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."[1] The Rule goes on to provide for the Clerk to tax costs in the first instance. The District Court's review of the Clerk's decision is de novo. Reger v. The Nemours Found., Inc., 599 F.3d 285, 288 (3d Cir. 2010).

---

[1] No federal statute, rule, or court order has been cited to prevent or affect taxation of costs according to Rule 54(d)(1).

I

Plaintiff sued the School District and its business manager under 42 U.S.C. § 1983. As a taxpayer and parent of a student in the School District, plaintiff alleged that defendants denied him his First Amendment right to copy certain materials prepared by Pacific Educational Group ("PEG") and used by the teachers in the School District, pursuant to a contract with PEG, to teach what he characterizes as critical race theory.  The School District allowed plaintiff to review the materials but not copy them as the materials were subject to PEG's copyright.  By court order, the plaintiff later joined PEG as a defendant.  Plaintiff sought injunctive relief as well as nominal damages.

During the course of the lawsuit, PEG agreed to allow plaintiff to obtain its materials, and the court thereafter dismissed PEG as a defendant.  The lawsuit continued, however, against the School District and its business manager because plaintiff was seeking nominal damages.  See Uzuegbuman v. Preczewski, 141 S. Ct. 792, 801-02 (2021); Allah v. Al-Hafeez, 226 F.3d 247, 251 (3d Cir. 2000).

Ultimately, the court granted summary judgment in favor of the School District and its business manager and against the plaintiff.  It also denied plaintiff's motion for summary judgment against these defendants.  The court held that

-2-

these defendants did not violate plaintiff's rights under the First Amendment when they abided by their contractual obligation to protect PEG's copyright on the teaching materials in question.  See Auslander v. Tredyffrin/Easttown Sch. Dist., No. CV 22-1425, 2022 WL 17418625, at *3 (E.D. Pa. Dec. 5, 2022).  No appeal followed.

Thereafter the School District and its business manager requested the Clerk to tax costs in their favor as the prevailing parties under Rule 54(d)(1).  The Clerk did so and entered a judgment in their favor in the amount of $4,321.80 on June 1, 2023.[2]

II

As noted above, Rule 54(d)(1) provides that costs "should be allowed to the prevailing party" and that the Clerk is the one initially to tax these costs.

The Clerk correctly recognized that the School District and its business manager had been successful and that judgment on the merits had been entered in their favor and against the plaintiff.  Nonetheless, plaintiff argues that these defendants were not the prevailing parties as he achieved his primary goal of obtaining the teaching materials in issue after

---

[2] The Clerk reduced the amount sought by the defendants.  Neither the plaintiff nor the defendants have challenged the amount of the costs taxed.  Instead, plaintiff argues that no award is proper, regardless of the amount.

-3-

PEG was named as a defendant and before the case ended. While it is true he obtained the materials, he did so because of PEG's voluntary decision and not because of any court order or violation of law by the defendants.

The Supreme Court has ruled on the meaning of <u>prevailing party</u> in the context of the award of attorneys' fees and costs under fee shifting statutes. In <u>Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources</u>, the Supreme Court decided the following:

> The question presented here is whether this term [prevailing party] includes a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct. We hold that it does not.

532 U.S. 598, 600 (2001).

The Court explained that for purposes of the award of attorneys' fees and costs the prevailing party is a party in whose favor the judgment is rendered. <u>Id.</u> at 603. It rejected the "catalyst theory" which allows for awards "where there is no judicially sanctioned change in the legal relationship of the parties." <u>Id.</u> at 605. A plaintiff must obtain at least some court ordered relief on the merits before he or she can be the prevailing party. Voluntary change in defendant's conduct is not enough.

This court sees no reason why this analysis should not be applied to the meaning of prevailing party under Rule 54(d)(1).  As a result, the defendants School District and its business manager, and not the plaintiff, are the prevailing parties in this lawsuit.  A judgment on the merits was entered in their favor even though PEG voluntarily provided the materials plaintiff sought.

Rule 54(d)(1) "codifies a venerable presumption that prevailing parties are entitled to costs."  Marx v. Gen. Revenue Corp., 568 U.S. 371, 377 (2013).  Since the Rule uses the word should, the decision whether to allow costs "ultimately lies within the sound discretion of the district court."  Id.

The School District and its business manager as the prevailing parties are entitled to the benefit of the presumption.  There was no basis to compel them to provide plaintiff with the teaching materials in question.  They had no control over PEG, which owned the copyright and on its own voluntarily released the materials.  The plaintiff, who was represented by counsel, lost this case against the School District and its business manager on the merits and was clearly not entitled to any injunctive or monetary relief.  The fact that plaintiff obtained the teaching materials from PEG does not overcome the presumption supporting the award of costs to these

defendants.  See In Re Paoli R.R. Yard PCB. Litig., 221 F.3d 449, 468 (3d Cir. 2000).

The motion of plaintiff to vacate the June 1, 2023 judgment awarding costs to the defendants School District and its business manager will be denied.